UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA M. BISCO,

        Plaintiff,                          Civil Action No. 2:12-cv-15490

    v.                                     District Judge Paul D. Borman
                                          Magistrate Judge Laurie J. Michelson

CITY OF FLINT, TRACHELLE YOUNG,
FLINT POLICE DEPARTMENT, CATHY
DOWD,
        Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANTS' MOTION TO DISMISS [11]

On December 14, 2012, Plaintiff Patricia M. Bisco ("Plaintiff") filed a Complaint (Dkt. 1, Compl.) alleging that Defendants City of Flint, Trachelle Young, Flint Police Department, and Cathy Dowd ("Defendants"), violated her First, Fifth, Seventh and Fourteenth Amendment rights. (Dkt. 1, Compl. at 1.) Plaintiff claims that on July 16, 2008, she pled not guilty to a larceny charge in 68th District Court in Flint, but a guilty charge was entered. (*Id.*) At the same hearing, Plaintiff says that she pled not guilty to an assault and battery charge after an altercation that occurred with Flint police officers on May 23, 2008, but the Court entered a plea of no contest. (*Id.*) Plaintiff additionally claims that she was not given counsel, nor did she sign a waiver declining attorney representation. (*Id.*) While mistakenly styled a motion for summary judgment, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 13, 2013, and Plaintiff responded. (Dkt. 11, 15.) The motion has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). (Dkt. 12.)

Because Plaintiff's claims are barred by the statute of limitations, this Court recommends

that Defendants' motion to dismiss be GRANTED.

## I. BACKGROUND

On May 23, 2008, an altercation occurred between Plaintiff and officers of the Flint Police Department at the Machine Shop Bar located in Flint, Michigan. (Compl. at 6.) Plaintiff went to the bar to look for her brother and, while there, got into an argument with the bouncer as she was leaving. (*Id*.) According to Plaintiff, a Flint police officer, seeing the altercation, "charged at [Plaintiff] and knocked her down." (*Id*.) Plaintiff alleges that she was knocked to the ground so hard that she had the wind knocked out of her and several other officers piled on top of her. (*Id*. at 5.) After this, she was handcuffed, yanked up, and pushed again onto the cement outside of the bar. (*Id*. at 5.) At this point, Plaintiff was thrown against the police cruiser and taken to jail. (*Id*. at 7.) Plaintiff alleges that she had multiple lacerations, open scrapes, swelling, and bruising on her face, both knees, and feet from being tackled by the officers. (*Id*.) While in jail, Plaintiff claims that the guards were angry when she indicated that the officers had caused her injuries, yelling: "RAT, RAT, RAT." (*Id*. at 13.)

Plaintiff alleges that she brought evidence to her hearing on July 16, 2008, that would corroborate her injuries. On that date, two of Plaintiff's cases were heard: first, a larceny charge (Case No. 07-2326CM) for an offense that occurred on September 16, 2007, and second, an assault and battery charge (Case No. 08M6893A), the offense associated with the May 23, 2008 incident. Plaintiff alleges that there was some confusion at the hearing, but that she entered two "not guilty" pleas in writing, and that she did not enter a verbal plea to the judge as she was threatened by city attorney Cathy Dowd not to speak because "more charges were being brought against her." (Compl. at 3.) The record, however, reflected that Plaintiff pled guilty to the larceny charge and no contest

to the assault charge. Plaintiff also claims that she did not waive her right to be represented at the hearing, yet no attorney was provided. (*Id.*)

In the days and weeks following the July 2008 hearing, Plaintiff claims that she saw various doctors to treat her injuries sustained during the May 23 incident. (Pl.'s Resp. Br. at 2.) Plaintiff also says that she met with personal injury attorneys who advised her that a "no contest" plea on the assault charge was the same as pleading guilty, and would preclude her from bringing a civil action. (*Id.*) During this time Plaintiff also attempted to locate various court and municipal officials involved with her case to assist with correcting the alleged, erroneous pleas. (*Id.*) In this regard, Plaintiff claims that she went to 68th District Court and spoke to city attorney Angela Watkins, who told her: "I think it's awful what she [Dowd] did to you but you don't have to worry, she doesn't work here anymore, she's gone." (Pl.'s Resp. Br. at 3.) She also visited the ombudsmen's office and they promised Plaintiff that they would look into the matter. (*Id.*) Plaintiff also claims that she wrote to the mayor and he referred her to the ACLU. (*Id.*) She sent them her file, but it was returned "not forwardable." (*Id.*) Plaintiff next called public defender, Jeffrey Childers, to obtain a copy of her court records. (*Id.*) Plaintiff claims that Mr. Childers informed her "the file is stored off site and I'll have to retrieve it; you'll have to pay for copying though." (*Id.*) After agreeing to the copying fee, a few days later, Mr. Chiders allegedly stated: "I don't have those files—we don't keep any of those files." (*Id.*) Plaintiff also went to Legal Services, but they told Plaintiff to contact the judge who handled her case. (*Id.*) Plaintiff dropped her file off at the county's prosecutor's office where she was told that she needed a lawyer. (*Id.*) Next, Plaintiff went to the city legal department in Flint and conferred with an attorney there, but she was not successful in obtaining representation. (*Id.*) Plaintiff also went to the Flint Police Department and requested a meeting with

the chief of police, but was intercepted and the meeting never transpired. (*Id*.)

A little more than a year after the hearing, on August 31, 2009, Plaintiff sent a signed affidavit to the 68th District Court wherein she outlined her recollection of the May 23 incident, the time she spent in jail, and her July 16, 2008 court appearance. (Pl.'s Resp. Br. at Pg. ID 174-77.) In this affidavit, Plaintiff indicated that she was aware that she pled no contest to the assault and battery charge and guilty to the larceny charge, but felt that both were entered in error. (*Id*.) A second, similar affidavit was sent on August 15, 2011. (*Id*. at Pg. ID 179-80.) Eventually, Plaintiff located Judge Kraus, who presided over her July 16 hearing, but he responded in a May 2012 letter that he had "no recollection" of her case (from four years ago) and advised her to "seek counsel immediately." (*Id*. at 4, Pg. ID 183.)

Defendants argue that the Complaint is deficient on its face and should be dismissed under Fed. R. Civ. P. 12(b)(6) for two reasons: first, because Plaintiff failed to bring her claims within the applicable 3-year statute of limitations—in fact, she filed her claims one year, four months, and 28 days late; and, second, because her claims are barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Court agrees that Plaintiff's claims are barred by the statute of limitations.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a plaintiff to plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Furthermore, the plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Since Federal Rule of Civil Procedure 12(b)(6) concerns the adequacy of the pleadings, and not the truth of the facts pleaded, the reviewing court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Nevertheless, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*

## III. ANALYSIS

### A. Statute of Limitations

Although the Complaint is difficult to decipher, it appears that Plaintiff is attempting to set forth two distinct claims—first, she seeks damages for injuries sustained during the May 23, 2008 altercation, alleging excessive force in violation of Fourth Amendment; and second, she seeks damages for injuries that occurred as a result of the July 16, 2008 hearing, most notably the wrongful entry of the guilty and no contest pleas, alleging violations of the First and Seventh Amendments, and her Due Process rights. While Plaintiff does not specifically mention 42 U.S.C. § 1983 in her Complaint, she is seeking damages in federal court from government actors for alleged constitutional violations, therefore, this Court presumes that this is the statutory tool she seeks to employ.

Section 1983 does not itself set a limitations period. Rather, "federal courts must borrow the

statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008); *see also Owens v. Okure*, 488 U. S. 235, 240-41, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). In Michigan, the three (3) year statute of limitations contained in M.C.L.A. 600.5805(8) is the uniform limitations period applied to Section 1983 claims. *Carroll v. Wilkerson*, 782 F. 2d 44, 45 (6th Cir. 1986).

In determining when the limitations period starts, however, courts look to federal law. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). "Under federal law, as developed in this Circuit, the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Stated differently, "[i]n determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). The Court must therefore look at when the harm in question occurred, guided by the principle that "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

Plaintiff's claims accrued when she sustained her injuries on May 23, 2008, and July 16, 2008, respectively. The limitations period has therefore run. Indeed, the first sentence of Plaintiff's Complaint acknowledges that she has missed the deadline to file her Complaint. (Dkt. 1, Compl. at 1.) But she argues that the limitations period should be tolled pursuant to the doctrine of fraudulent concealment. (Dkt. 15, Pl.'s Resp. Br. at 5.) As discussed below, the Court disagrees.

### B. Equitable Considerations of the Limitations Period

The Sixth Circuit requires the following elements to support a claim for equitable estoppel,

sometimes referred to as "fraudulent concealment":

> 1) there must be conduct or language amounting to a representation of a material fact; 2) the party to be estopped must be aware of the true facts; 3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; 4) the party asserting the estoppel must be unaware of the true facts; and 5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425 (6th Cir. 2009). In other words, "[e]quitable estoppel . . . is invoked in cases where the defendant takes active steps to prevent the plaintiff from suing on time, such as by hiding evidence or promising not to plead the statute of limitations." *Id.* In these situations, the application of equitable estoppel should be premised on a defendant's improper conduct as well as a plaintiff's "actual and reasonable reliance thereon." *Id.* Plaintiff must also establish that her ignorance is not attributable to a lack of diligence on her part. *Id.*

When attempting to toll the limitations period with a claim of fraudulent concealment, a plaintiff is "held to stringent rules of pleading and evidence" and must distinctly aver the time the concealment was discovered, and what the discovery is, "so that the court may clearly see whether, by ordinary diligence, the discovery might not have been before made." *Pinney Dock & Transp. Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988). Plaintiff's allegations fail to satisfy these requirements.

To establish a First Amendment and Due Process violation, Plaintiff "put[s] emphasis" on the two documents she alleges she signed "not guilty" and the fact that she could not locate the retired visiting judge in Genesee and surrounding counties. (Dkt. 15, Pl.'s Resp. Br. at 4.) Plaintiff claims that Defendants "suppressed" her original case even knowing that she was injured, and "fraudulently entered false pleas into her record" which she claims has made it impossible for her

to bring litigation. (*Id.*)

Plaintiff, however, does not allege that Defendants took any affirmative acts to prevent her from timely filing this lawsuit. To the contrary, Plaintiff's allegations (including her attached August 31, 2009 affidavit) make clear that she was aware of the conduct causing her injury—the entry of the incorrect pleas—in the summer/fall of 2008. A review of the allegations reveals that the delay in suing was caused by Plaintiff's additional investigation which focused on (among other things) tracking down the judge who presided over her July 16, 2008 hearing and locating court records from the hearing. Plaintiff confirms that shortly after the hearing she began calling the 68th District Court "to find out how [the two guilty pleas] were put on her records." (Dkt. 1, Compl. at 11.) In short, Plaintiff had all of the necessary facts to bring a lawsuit based on the erroneous entry of the no contest and guilty pleas in mid-2008, but decided to wait until December 14, 2012, to file her lawsuit. This was too late. *See Miller v. Pathway Financial, Assured Capital Funding*, No. 12-14387, 2013 WL 1821252 (E.D. Mich. Apr. 30, 2013) (holding that when a plaintiff knows or should have known all of the essential elements of a potential cause of action at the time of the injury, she has failed to allege a claim for fraudulent concealment); *Clardy v. Bicigo*, No. 12-11114, 2012 U.S. Dist. LEXIS 169792, at * 7 (E.D. Mich. Nov. 29, 2012) ("The law of limitations focuses on the event that caused Plaintiff's harm, not on the identity of the perpetrator of the harm. 'In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights.'") (quoting *Trzebuckowski*, 319 F.3d at 856).

With respect to the Flint police officers and the City of Flint, reading Plaintiff's allegations in a light most favorable to her, the Court concludes Plaintiff has not pled an affirmative act or

8

misrepresentation that was designed to mislead or hinder her from discovering a cause of action that she would have against those Defendants if one, in fact, existed. Her allegations reveal that she was well aware of the altercation at the Flint bar and her resulting injuries as of May 2008.

This Court concludes that Plaintiff has not pled the requirements to toll the limitations period because she does not allege that any of the Defendants clearly induced her to refrain from bringing this action within the limitations period. She also affirmatively alleges facts making clear that she was aware of the entry of the guilty and no contest pleas and the bar altercation well before the expiration of the limitations period.

Plaintiff also requests that the Court consider applying the doctrine of equitable tolling to the statute of limitations. Equitable tolling can excuse a statute of limitation to alleviate "hardship and unfairness." *Bowles v. Russell*, 551 U.S. 205, 219, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007). Courts in this Circuit have consistently held that equitable tolling should be used sparingly, and "'only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Amer v. Judson Center, Inc*., No. 11-11083, 2011 WL 6812873, at *4 (E.D. Mich. Dec. 28, 2011) (quoting *Graham-Humphrey v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)); *see also Johnson v. United States Postal Service*, 64 F.3d 233, 238 (6th Cir. 1995) (holding that "garden variety neglect" cannot be excused by equitable tolling). Therefore, courts are to apply the doctrine of equitable tolling only when "compelling equitable considerations" justify its use. *Id.* at 561; *Johnson v. United States Postal Service*, 863 F.2d 48 (Table), 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988) (holding that absent compelling equitable considerations, a court should not extend limitations by even a single day).

The Sixth Circuit identifies five factors to consider in determining whether equitable tolling

9

is appropriate:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement.

*Truitt v. Cty of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)). These factors are not exhaustive, and may not be material to every case, rather tolling must be determined on a case-by-case basis. *Truitt*, 148 F.3d at 648; *Amer*, 2011 WL at *5.

Importantly, Plaintiff has not pled that she was unaware of the filing deadline. And, as stated previously, Plaintiff was aware of her potential causes of action at the time of her injuries (or soon thereafter) and instead of immediately filing this action, she waited for almost four and one-half years, attempting to gather additional facts while the statute of limitations was running. Even a pro se litigant is required to follow the law and assumes the risks associated with self-representation. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."). Based on Plaintiff's allegations, the Court concludes that equitable tolling is not appropriate here.

### C. *Heck v. Humphrey*

Defendants also argue that Plaintiffs' § 1983 claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Because the Court has determined that Plaintiff's Complaint can be dismissed for failure to bring her claims within the applicable statute of limitations period, it is not necessary to determine the relevancy of *Heck*.

### D. State Law Claims

While the Complaint is not clear as to whether Plaintiff is alleging any state law claims, §

1983 does not provide redress for violations of state law by government actors. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent Plaintiff's Complaint presents allegations of state law, the Court recommends that the District Court decline to exercise jurisdiction and dismiss these claims without prejudice. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1852, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).

## VI. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, this Court recommends that Defendants' motion to dismiss (Dkt. 11) be GRANTED.

## V. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the

response. E.D. Mich. LR 72.1(d)(3), (4).

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES MAGISTRATE JUDGE

Dated: October 1, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 1, 2013.

        s/Jane Johnson
        Deputy Clerk